**NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 18-3696
_____

EMMANUEL ADEYINKA,
                                        Appellant

v.

HOWARD S. LOMAX
_____

On Appeal from the United States District Court
for the Eastern District of Pennsylvania
(E.D. Pa. Civil Action No. 2-18-cv-04897)
District Judge:  Honorable Petrese B. Tucker

_____

Submitted Pursuant to Third Circuit LAR 34.1(a)
December 23, 2019

Before:  AMBRO, GREENAWAY, JR. and PORTER, Circuit Judges

(Opinion filed: January 7, 2020)
_____

OPINION[*]
_____

PER CURIAM

    Emmanuel Adeyinka, proceeding pro se, appeals an order of the United States

District Court for the Eastern District of Pennsylvania dismissing his complaint.  For the

_____

[*] This disposition is not an opinion of the full Court and pursuant to I.O.P. 5.7 does not constitute binding precedent.

reasons that follow, we will affirm the judgment of the District Court.

Adeyinka filed a complaint against Howard Lomax, a police officer, and the City of Philadelphia in 2018. Although the complaint is unclear, it appears to arise out of Adeyinka's arrest on January 16, 2008, and his confinement related to two criminal cases brought against him in Philadelphia Municipal Court. Adeyinka refers to the state court criminal dockets as the basis for his complaint and claims cruel and unusual punishment based on, among other things, the presence of vermin, flies, and mildew in prison. He also refers to 18 U.S.C. § 1001 and "Miranda Rights." Adeyinka seeks a total of $5,400,000 in compensatory and punitive damages.

The District Court screened the complaint pursuant to 28 U.S.C. § 1915(e)(2)(B). The District Court dismissed any claims under 18 U.S.C. § 1001, a criminal statute prohibiting certain false statements, as legally baseless because the statute does not provide a basis for civil liability. The District Court also ruled that Adeyinka does not state a claim for relief under 42 U.S.C. § 1983 because he had not stated what Lomax or the City of Philadelphia did to violate his rights. The District Court decided that, even if it construed Adeyinka's complaint to raise claims against Lomax based on his 2008 arrest and the City based on the conditions of his confinement, his claims fail because they are barred by Pennsylvania's two-year statute of limitations.

The District Court also ruled that, even if not time-barred, Adeyinka had not stated a claim based on the conditions of his confinement because his allegations did not suggest that he was exposed to an unconstitutional threat to his life or safety. In addition,

2

the District Court stated that Adeyinka did not identify a municipal policy or custom that would establish a basis for liability against the City of Philadelphia. The District Court ruled that amendment of the complaint would be futile because the claims are time-barred and dismissed the complaint as frivolous and for failure to state a claim for relief. This appeal followed.

We have jurisdiction pursuant to 28 U.S.C. § 1291. Our standard of review of the District Court's dismissal of the complaint is plenary. Mitchell v. Horn, 318 F.3d 523, 530 (3d Cir. 2003); Allah v. Seiverling, 229 F.3d 220, 223 (3d Cir. 2000).

Adeyinka's arguments on appeal are for the most part unclear. He appears to agree that claims for false arrest and false imprisonment are time-barred, see Appellant's Brief at 6-7, and to contend that his conditions of confinement violated his constitutional rights. He also states that he was not read his rights under Miranda v. Arizona, 384 U.S. 436 (1966).

We agree with the District Court that Pennsylvania's two-year statute of limitations applies to Adeyinka's § 1983 claims, that any claims for false arrest and false imprisonment accrued in 2008, when Adeyinka was detained pursuant to legal process, and that these claims are time-barred. See 42 Pa. Cons. Stat. § 5524; Wallace v. Kato, 549 U.S. 384, 387, 396 (2007). A claim based on Miranda is similarly time-barred.

Adeyinka's conditions of confinement claims also appear to be time-barred for substantially the reasons stated by the District Court, and even if they are not, Adeyinka fails to state a plausible constitutional claim based on those conditions in his complaint.

3

See Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009). He has not elaborated on the conditions of his confinement on appeal or shown that the District Court should have allowed him to amend his complaint.

To the extent Adeyinka seeks to bring a malicious prosecution claim, see Appellant's Brief at 13, he has shown no error in the District Court's ruling that such a claim is not cognizable because his convictions for indecent exposure have not been vacated, or its ruling that a claim based on charges that were withdrawn in 2009 are time-barred. The state court dockets reflect that partial expungement orders have been issued in Adeyinka's criminal cases since he filed his brief, but there is no indication that these orders affect these rulings.

Accordingly, we will affirm the judgment of the District Court.